IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH ROBERT BRUCE, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-16-3794 |
| NANCY FRIEDMAN ATLAS, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff Kenneth Robert Bruce, currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed this civil action against the presiding judge and prosecutors who prosecuted him in his federal criminal case. *See* Docket Entry No. 1 ("Original Bill for Equitable Relief/Writ of Sequestration and Other Injunction Relief against All Defendants"). Among other frivolous allegations, Plaintiff contends that his conviction is a "mortgage" held in trust and that defendants owe him millions of dollars in connection with his conviction. *See* id.

**I. Background**

On March 19, 2015, a jury convicted Plaintiff on all twenty-six counts of false claims against the United States and aiding and abetting in violation of 18 U.S.C. § 287 and § 2, and on one count of interference with the administration of the Internal Revenue laws and aiding and abetting in violation of 26 U.S.C. § 7212(a)

and 18 U.S.C. § 2. See United States of America v. Bruce, Crim. No. H-14-249, at Docket Entry No. 78 (S.D. Tex. 2014) (Jury Verdict) (Atlas, J., presiding). On June 22, 2016, Plaintiff was sentenced to 180 months on counts 1-26 with three years' supervised release and one year as to Count 27, to run concurrently with the 180-month sentence, and was ordered to pay over $3 million in restitution to the Internal Revenue Service. See id. at Docket Entry No. 127. Plaintiff filed a Notice of Appeal of his conviction on July 20, 2016. Id. at Docket Entry No. 138. On October 12, 2016, the United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal of his conviction for failure to prosecute. See id. at Docket Entry No. 170. On December 28, 2016, Plaintiff filed the present lawsuit against the Honorable Nancy F. Atlas and the prosecutors in his criminal case, without payment of the filing fee. See Docket Entry No. 1.

## II. Discussion

On January 10, 2017, the Court notified Plaintiff that his pleadings were deficient and directed plaintiff either to pay the filing fee or to submit a properly supported motion for leave to proceed *in forma pauperis* and a certified copy of his inmate trust account. (Docket Entry No. 3). The Court's notice specifically advised plaintiff that this action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he failed to

comply as directed within thirty days of the date of the notice. To date, Plaintiff has not responded to the Court's notice directing him to pay the filing fee or submit a properly supported motion to proceed in forma pauperis and a certified copy of his inmate trust account statement. Plaintiff has not otherwise attempted to comply.

Plaintiff's failure to comply with the Court's instructions leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal is appropriate. See FED. R. CIV. P. 41(b); Slack v. McDaniel, 120 S. Ct. 1595, 1607 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); Larson v. Scott, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order).

Moreover, this case must be dismissed as frivolous and malicious, because it lacks any basis in law or fact and seeks monetary damages from defendants who are immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Under 28 U.S.C. § 1915A, the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* id. An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Defendant Judge Nancy F. Atlas is immune from liability for damages for her role in Plaintiff's conviction. *See* Pierson v. Ray, 87 S. Ct. 1213, 1217-18 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *see also* Stump v. Sparkman, 98 S. Ct. 1099, 1104-05 (1978); Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireles v. Waco, 112 S. Ct. 286, 288 (1991). Allegations of bad faith do not overcome judicial immunity, id., and neither do allegations of procedural errors. *See* Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991).

Similarly, the prosecutors named as defendants are also immune from liability for their roles in prosecuting Plaintiff. *See* Imbler v. Pachtman, 96 S. Ct. 984, 993-94 (1976) (holding that a

4

prosecutor initiating and pursuing a criminal conviction is absolutely immune from civil suit for damages); *see also* Burns v. Reed, 111 S. Ct. 1934, 1941-42 (1991) (holding that a prosecutor is absolutely immune from liability for appearing as a lawyer at a hearing for the government in the prosecution of a defendant). Plaintiff is attempting to sue the defendants for their roles in prosecuting him, essentially attacking the judgment of conviction. Therefore, defendants are absolutely immune from liability in this case.

Furthermore, Plaintiff's purported "cause of action" states no cognizable claim as a matter of law. Plaintiff attempts to sue defendants in their official capacities and in their capacities as "implied trustees" declaring that there is a "judgment deed" in United States v. Bruce and that his conviction is an "equitable mortgage." *See* Docket Entry No. 1 at 4-5. Plaintiff is apparently attempting to assert a sovereign citizen-type claim to challenge his conviction, which "has no conceivable validity in American law." United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990); *see also* Berman v. Stephens, Civil No. 4:14-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (finding that a prisoner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases). Accordingly, Plaintiff's case must be dismissed as frivolous.

## III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED with prejudice** as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b); it is further

**ORDERED** that Plaintiff's Motion to Vacate (Docket Entry No. 6) is **DENIED as MOOT**; it is further

**ORDERED** that all other pending motions, if any, are **DENIED as MOOT**.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, by email at Three_Strikes@txs.uscourts.gov.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 12TH day of April, 2017.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE